## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

CHRISTINA LEE,

                                    Plaintiff,                    CIVIL NO. 2009/170

                v.

KMART CORPORATION,

                                    Defendant.

## ORDER

This matter is before the Court on plaintiff's Motion to Modify Scheduling Order to provide for an additional 14 days for the service of a report and other materials relating to a proposed expert, Mr. Robert Galt.  Defendant opposes the motion.  Because plaintiff has failed to demonstrate that "a more diligent pursuit of discovery was impossible," she has failed to establish the "good cause" necessary to support this requested schedule modification.[1]

Plaintiff urges that it be given the additional time because its proposed expert "needs to see the reports of all the other experts to render his opinion."  Motion at p. 2.  However, the Trial Management Order (dkt. 35) was based upon the parties' own agreed proposed discovery plan (dkt. 28), which provided that plaintiffs' expert reports would be produced 30 days before any expert materials would be due from defendant.  Thus plaintiff had never intended to have defendant's expert materials in hand prior to having to produce her expert materials.[2]

---

[1]  See Fed. R. Civ. P. 16(b)(4); *Unlimited Holdings, Inc. V. Bertram Yacht, Inc., et al.,* 2008 U.S. Dist. LEXIS 82142 at *19 (D.V.I., October 15, 2008)(citation omitted).

[2]  The parties had agreed on December 15, 2010 to extend the schedule for expert reports so that plaintiff's expert reports would have been due February 10, 2011 (dkt. 47).  Nonetheless, plaintiff did not even file her motion until February 11, after the deadline had already passed.

Further, plaintiff argues that no prejudice would result to defendant from the extension sought, because the time for defendant to produce its reports, and for the completion of expert depositions, could be extended a similar length of time, such that expert discovery would close on April 29, 2011.  This position ignores, however, that the deadline for the filing of dispositive motions is May 5, 2011, with trial scheduled on July 5, 2011.  Extending the deadline for expert depositions to only a few days before dispositive motions would be due would potentially prejudice defendant's ability to prepare and file its dispositive  motions by the deadline.

Accordingly, because plaintiff has not proffered good cause for the extension and because of the potential for prejudice such extension would create,  it is hereby

ORDERED that plaintiff's Motion to Modify Scheduling Order is DENIED.


**DATED:** February 17, 2011

_____s/_____

**RUTH MILLER**

**UNITED STATES MAGISTRATE JUDGE**